**Mayfield & Associates - Attorneys at Law**
Gayle Mayfield-Venieris, Esq., Bar No. 149296
Melissa L. Bustarde, Esq., Bar. No. 239062
Christopher Y. Lock, Esq., Bar No. 246815
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066
Tel: (858) 793-8090
Fax: (858) 793-8099

Attorneys for: COUNTERCLAIMANTS/DEFENDANTS MARKETING ADVANTAGES INTERNATIONAL, INC. AND AU-CO MAI

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ECOMMERCE INNOVATIONS, LLC, a Nevada limited liability company,<br><br>          Plaintiff,<br><br>vs.<br><br>MARKETING ADVANTAGES INTERNATIONAL, INC., a California Corporation doing business as Emitations.com; AU-CO MAI, an individual; and DOES 1 through 50,<br><br>          Defendants. | Case No.: 08cv0084 IEG (JMA)<br><br>**COUNTERCLAIMANTS/DEFENDANTS' MARKETING ADVANTAGES INTERNATIONAL, INC. AND AU-CO MAI'S COUNTERCLAIM FOR:**<br><br>1. **CANCELLATION OF PLAINTIFF ECOMMERCE INNOVATIONS, LLC'S TRADEMARK; and,**<br><br>2. **CIVIL LIABILITY FOR FALSE OR FRAUDULENT REGISTRATION.** |
| MARKETING ADVANTAGES INTERNATIONAL, INC., a California corporation, d/b/a emitations.com, and AU-CO-MAI, an individual.<br><br>          Counterclaimants,<br><br>vs.<br><br>ECOMMERCE INNOVATIONS, LLC, a Nevada limited liability company, d/b/a inspiredsilver.com, and ROES 1 through 50.<br><br>          Counterdefendants. | |

Counterclaimants/defendants MARKETING ADVANTAGES INTERNATIONAL, INC. and AU-CO MAI ("counterclaimants") allege as follows:

**JURISDICTION AND VENUE**

1. This counterclaim is for (i) cancellation of plaintiff ECOMMERCE INNOVATIONS, LLC's ("ECOMMERCE") trademark pursuant to 15 U.S.C. §1119; and (ii) civil liability of plaintiff for false or fraudulent registration of a trademark pursuant to 15 U.S.C. §1120. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367, subd. (a), in that these claims are so related to plaintiff's claim for trademark infringement that they form the same case or controversy under Article III of the United States Constitution.

2. ECOMMERCE is a Nevada corporation, qualified to do business in California, doing business as inspiredsilver.com, with its principal place of business in Los Angeles County, California. Plaintiff voluntarily appeared in this action by filing the complaint.

3. Counterclaimant/Defendant MARKETING ADVANTAGES INTERNATIONAL, INC. ("MARKETING ADVANTAGES") is a California corporation, doing business as emitations.com, with its principal place of business located at 6162 Mission Gorge Road, San Diego, California 92120.

4. Counterclaimant/Defendant AU-CO MAI ("MAI") is an individual residing in San Diego County, California.

5. Counterclaimants are ignorant of the true names and capacities of counterdefendants sued under fictitious names ROE 1 through ROE 50. Counterclaimants will amend this counterclaim to show their true names and capacities when they have been ascertained. Counterclaimants are informed and believe and thereon allege that each of the fictitiously named ROE counterdefendants is legally responsible in some manner for the occurrences alleged and that counterclaimants' injuries and damages as alleged were proximately caused by these counterdefendants' actions.

6. Counterclaimants are informed and believe and thereon allege that each counter-defendant was the agent, servant and employee of each remaining counter-defendant, and was acting within the course and scope of their agency or employment, with the knowledge and consent of their principal or employer.

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

7. Venue is proper in the Southern District of California because a substantial part of the events or omissions giving rise to the claims asserted herein arose in this District.

## FACTS COMMON TO ALL CLAIMS

8. MARKETING ADVANTAGES has been in the business of selling celebrity inspired and designer inspired silver and gold jewelry since September 1999, primarily through its website www.emitations.com. Since 2001, MARKETING ADVANTAGES used and continues to use the phrases, "celebrity inspired silver jewelry" and "designer inspired silver jewelry," to describe its products. In addition, since the year 2000, if not before, MARKETING ADVANTAGES used and continues to use the words "inspired silver" to describe some of its products, including products that had the words "inspired silver" as part of their product name.

9. In fact, commencing on or about 2000, the phrase "inspired silver" was used by several Internet jewelry retailers to describe and identify the products made of sterling silver that they offered for sale. Several of said retailers also included the words "inspired silver" in the names of their products to the point that it became a common practice, and remains a common practice today, in the online jewelry industry to use the phrase "inspired silver" to describe and identify jewelry products made of sterling silver that they offer for sale.

10. As set forth in paragraph 8 of its complaint, ECOMMERCE alleges that it did not commence use of the phrase "inspired silver" until January 1, 2003 and did not begin operating its website www.inspiredsilver.com until about January 2, 2003, well after the use of the phrase "inspired silver" became a common practice by jewelry retailers offering their products for sale on the Internet.

11. In spite of the common use of the phrase "inspired silver" prior to ECOMMERCE filing its trademark application, and in spite of the fact that ECOMMERCE had actual knowledge of this use, ECOMMERCE improperly filed for trademark registration of the phrase "inspired silver." ECOMMERCE's actual knowledge of the common use of the phrase "inspired silver" is evidenced by the fact that approximately 1 ½ years *prior* to ECOMMERCE filing its trademark application, MARKETING ADVANTAGES discovered that ECOMMERCE had

illegally copied its website content and incorporated portions of it into its own website. Immediately upon discovering this illegal and unauthorized misappropriation and use, MARKETING ADVANTAGES sent ECOMMERCE a letter dated September 9, 2003 demanding that it immediately cease and desist from illegally copying and/or using all or any portion of its website content (which content included the phrase "inspired silver"), or a civil action would be filed for all damages incurred.

12. In spite of its actual knowledge that MARKETING ADVANTAGES and others used the phrase "inspired silver" to describe sterling silver jewelry offered on the Internet for sale, on or about March 10, 2005, ECOMMERCE filed a trademark application with the U.S. Patent and Trademark Office for the word mark "Inspired Silver," Serial Number 78585012.

13. In filing its trademark application, ECOMMERCE improperly represented and declared that: "to the best of his/her knowledge and belief, no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

14. In reliance upon this declaration, ECOMMERCE's application was approved and the trademark "Inspired Silver" was registered with the U.S. Patent and Trademark Office on August 1, 2006 in International Class 14, Registration Number 3124880 ("Registered Trademark").

## I. FIRST CLAIM FOR RELIEF

### CANCELLATION OF TRADEMARK UNDER 15 U.S.C. §1119

### As to All Counterdefendants.

15. Counterclaimants reallege each and every allegation contained in paragraphs 1 through 12 of the Counterclaim and incorporates the same herein by this reference.

16. ECOMMERCE's Registered Trademark was issued on or about August 1, 2006, less than five (5) years ago, therefore, it is contestable.

17. ECOMMERCE failed to disclose that the phrase "inspired silver" was commonly used in the online jewelry industry to describe jewelry products and product lines made from

sterling silver to the U.S. Patent and Trademark Office in filing its trademark application. In doing so, ECOMMERCE made a false and/or fraudulent representation to the U.S. Patent and Trademark Office as whether or not the proposed mark was used in commerce by third parties.

18. In filing this action, ECOMMERCE subjected its trademark to the Court's power to cancel it pursuant to 15 U.S.C. §1119.

## II. SECOND CLAIM FOR RELIEF
## CIVIL LIABILITY FOR FALSE REGISTRATION
## (15 U.S.C. §1120)
### As to All Counterdefendants.

19. Counterclaimants reallege each and every allegation contained in paragraphs 1 through 16 of the Counterclaim and incorporates the same herein by this reference.

20. ECOMMERCE procured registration of the Registered Trademark from the U.S. Patent and Trademark Office on or about August 1, 2006.

21. On or about March 10, 2005, ECOMMERCE submitted a false or fraudulent application for registration to the U.S. Patent and Trademark Office by failing to disclose that the phrase "inspired silver" was commonly used in the online jewelry industry to describe jewelry products and product lines made from sterling silver.

22. Counterclaimants have been damaged by plaintiff's false statements and the issuance of the Registered Trademark in reliance thereon in an amount according to proof at the time of trial.

//
///
///
///
///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, counterclaimants pray as follows:

1. That plaintiff's Registered Trademark, Registration Number 3124880, be canceled;
2. That judgment be rendered in favor of counterclaimants for all damages incurred according to proof at the time of trial;
3. That counterclaimants be awarded their costs of suit incurred;
4. That counterclaimants be awarded their reasonable attorneys' fees incurred in this action; and,
5. For such other relief as the Court deems proper.

Dated: January 22, 2008         Mayfield & Associates


By: /s/
    Gayle Mayfield-Venieris, Esq.
    Melissa L. Bustarde, Esq.
    Attorneys for Counterclaimants/Defendants
    MARKETING ADVANTAGES
    INTERNATIONAL, INC. AND AU-CO MAI