**Mayfield & Associates - Attorneys at Law**
Gayle Mayfield-Venieris, Esq., Bar No. 149296
Melissa L. Bustarde, Esq., Bar. No. 239062
Christopher Y. Lock, Esq., Bar No. 246815
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066
Tel: (858) 793-8090
Fax: (858) 793-8099

Attorneys for: DEFENDANTS MARKETING ADVANTAGES INTERNATIONAL, INC. AND AU-CO MAI

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOMMERCE INNOVATIONS, LLC, a Nevada limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MARKETING ADVANTAGES INTERNATIONAL, INC., a California Corporation doing business as Emitations.com; AU-CO MAI, an individual; and DOES 1 through 50,<br><br>　　　　　Defendants. | Case No.: 08cv0084 IEG (JMA)<br><br>**DEFENDANTS MARKETING ADVANTAGES INTERNATIONAL, INC. AND AU-CO MAI'S ANSWER TO COMPLAINT** |

### ANSWER

Defendants MARKETING ADVANTAGES INTERNATIONAL, INC. and AU-CO MAI ("Defendants") respond to the individually numbered paragraphs of the Complaint herein ("Complaint") as follows.

1.　　Defendants have no information or belief sufficient to enable them to answer the allegations contained in paragraph 1 of the Complaint, and basing their denial on this ground, denies each allegation thereof, except that Defendants admit that the Complaint purports to set forth a cause of action under the trademark laws of the United States of America; however, Defendants deny that any such cause of action exists.

2.　　Defendants admit the allegations contained in paragraph 2 of the Complaint.

1      3.    Defendants deny that venue is proper in the Central District of California, but admit

2  the remainder of the allegations in paragraph 3 of the Complaint.

3      4.    Defendants admit that ECI is a Nevada limited liability company qualified to do

4  business in California, its principal place of business is located at 2675 SkyPark Drive, Suite

5  204, Torrance, California 90505, and that it sells jewelry on the Internet at its website located at

6  www.inspiredsilver.com, but Defendants have no information or belief sufficient to enable them

7  to answer the remaining allegations contained in paragraph 4 of the Complaint, and basing their

8  denial on this ground, deny the remaining allegations thereof.

9      5.    Defendants admit the allegations contained in paragraph 5 of the Complaint.

10     6.    Defendants admit that Mai is an individual residing in San Diego County, California

11 and is employed at 6162 Mission Gorge Rd., Suite G, San Diego, CA 92120 and that she is the

12 President of Marketing Advantages International, Inc. doing business as Emitations.com;

13 Defendants deny the remaining allegations contained in paragraph 6 of the Complaint.

14     7.    Defendants have no information or belief sufficient to enable them to answer the

15 allegations contained in paragraph 7 of the Complaint, and basing their denial on this ground,

16 deny each allegation thereof.

17     8.    Defendants admit that ECI is a jewelry distributor who has a business address of

18 2675 SkyPark Drive, Suite 204, Torrance, California 90505 and runs a website on the Internet at

19 www.inspiredsilver.com.  Defendants have no information or belief sufficient to enable them to

20 answer the remaining allegations contained in paragraph 8 of the Complaint, and basing their

21 denial on this ground, deny of the remaining allegations thereof.

22     9.    Defendants admit that Marketing Advantages International, Inc. runs a website on the

23 Internet located at www.emitations.com and that the Emitations Website is a competitor of ECI

24 in the same or similar market.  Defendants deny that they used the trademark Inspired Silver, but

25 admit Marketing Advantages International, Inc. used the words "inspired" and "silver" in their

26 ordinary, descriptive meaning.

27     10.    Defendants admit that Marketing Advantages International, Inc. used the words

28 "inspired" and "silver" and "inspired" and "sliver" in their ordinary, descriptive meanings as a

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

keyword trigger on the Google Adwords program to appear as a sponsored link for the search terms and that Marketing Advantages International, Inc. used the words "inspired" and "silver" in its metadata in the words ordinary, descriptive meanings, but deny that Defendants used the trademark Inspired Silver. Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendants deny that they used the Inspired Silver trademark or engaged in any conduct in bad faith. Defendants deny the remaining allegations in paragraph 11 of the Complaint.

12. Defendants admit that ECI owns a federally registered trademark for Inspired Silver in International Class 14 with a date of first use of January 1, 2003 (Registered August 1, 2006, Registration No. 3124880), but deny that said trademark is valid. Defendants have no information or belief sufficient to enable them to answer the remaining allegations contained in paragraph 12 of the Complaint, and basing their denial on this ground, denies each of the remaining allegations thereof.

13. Defendants have no information or belief sufficient to enable them to answer the allegations contained in paragraph 13 of the Complaint, and basing their denial on this ground, denies each of the remaining allegations thereof.

14. Defendants have no information or belief sufficient to enable them to answer the allegations contained in paragraph 14 of the Complaint, and basing their denial on this ground, denies each of the remaining allegations thereof.

15. Defendants have no information or belief sufficient to enable them to answer the allegations contained in paragraph 15 of the Complaint, and basing their denial on this ground, denies each of the remaining allegations thereof.

16. Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. Defendants incorporate by reference each and every admission and denial contained in paragraphs 1 through 16 of their Answer to the same extent plaintiff has incorporated the allegations of paragraphs 1 through 16 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     Defendants have no information or belief sufficient to enable them to answer the allegations contained in paragraph 20 of the Complaint, and basing their denial on this ground, denies each of the remaining allegations thereof, except that they admit that Marketing Advantages International, Inc. targets consumers seeking to purchase jewelry via the Internet.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendants incorporate by reference each and every admission and denial contained in paragraphs 1 through 24 of their Answer to the same extent plaintiff has incorporated the allegations of paragraphs 1 through 24 of the Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendants incorporate by reference each and every admission and denial contained in paragraphs 1 through 28 of their Answer to the same extent plaintiff has incorporated the allegations of paragraphs 1 through 28 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants incorporate by reference each and every admission and denial contained in paragraphs 1 through 32 of their Answer to the same extent plaintiff has incorporated the allegations of paragraphs 1 through 32 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

///

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As a separate and distinct affirmative defense, the Complaint fails to state facts sufficient to constitute a cause of action against these answering parties.

### Second Affirmative Defense

As a separate and distinct affirmative defense, the trademark alleged in the Complaint is not valid.

### Third Affirmative Defense

As a separate and distinct affirmative defense, these answering parties have not infringed on plaintiff's trademark.

### Fourth Affirmative Defense

As a separate and distinct affirmative defense, plaintiff's trademark is invalid as the registration thereof was fraudulently obtained.

### Fifth Affirmative Defense

As a separate and distinct affirmative defense, these answering parties are using plaintiff's mark in a descriptive sense, not in a trademark sense, if any; and as such, these answering parties are not liable for the fair use of plaintiff's trademark.

### Sixth Affirmative Defense

As a separate and distinct affirmative defense, these answering parties allege that no likelihood of confusion is created by these answering parties' use of plaintiff's trademark, if any, because the marks themselves are not confusingly similar.

### Seventh Affirmative Defense

As a separate and distinct affirmative defense, these answering parties allege plaintiff's mark is a generic name of the goods and as such, is not a valid trademark.

### Eighth Affirmative Defense

As a separate and distinct affirmative defense, the plaintiff has unclean hands with respect to the transactions alleged in its Complaint against these answering parties and should therefore not be allowed to recover any damages whatsoever.

**Ninth Affirmative Defense**

As a separate and distinct affirmative defense, plaintiff's trademark is not inherently distinctive, has not become distinctive and has not acquired a secondary meaning in that purchasers do not associate the mark with plaintiff alone.

**Tenth Affirmative Defense**

As a separate and distinct affirmative defense, these answering parties are informed and believe and thereon allege that as between plaintiff and these answering parties, the equities do not preponderate in favor of plaintiff, and accordingly, plaintiff is barred from the recovery sought herein.

**Eleventh Affirmative Defense**

As a separate and distinct affirmative defense, these answering parties allege plaintiff is barred by the equitable doctrine of laches.

**Twelfth Affirmative Defense**

As a separate and distinct affirmative defense, these answering parties allege that they lack any connection or association with the claims forming the basis of the purported causes of action which could be sufficient for imposition of liability under any claim for relief asserted in the Complaint.

**Thirteenth Affirmative Defense**

As a separate and distinct affirmative defense, these answering parties' acts and conduct were proper, justified, and legal.

**Fourteenth Affirmative Defense**

As a separate and distinct affirmative defense, these answering parties' practice of using the words "inspired" and "silver," if any, was and is not unlawful in that it does not infringe on plaintiff's trademark.

**Thirteenth Affirmative Defense**

These answering parties presently have insufficient knowledge or information to determine if additional affirmative defenses are available and hereby reserve their right to assert additional defenses if discovery indicates they would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray as follows:

1. That plaintiff take nothing by reason of its Complaint;
2. That judgment be rendered in favor of Defendants;
3. That Defendants be awarded their costs of suit incurred in defense of this action;
4. That this case be deemed an exceptional case and Defendants be awarded their reasonable attorneys' fees incurred in this action pursuant to 15 U.S.C. §1117(b); and,
5. For such other relief as the Court deems proper.

Dated: January 22, 2008          Mayfield & Associates


By: /s/
    Gayle Mayfield-Venieris, Esq.
    Melissa L. Bustarde, Esq.
    Attorneys for DEFENDANTS MARKETING ADVANTAGES INTERNATIONAL, INC. AND AU-CO MAI

Mayfield & Associates
Attorneys at Law
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066

7 of 7
Defendants' Answer
Case No.: 08cv0084 IEG (JMA)