MICHAEL L. WACHTELL (SBN: 47218)
Email: mwachtell@buchalter.com
JASON FISHER (SBN: 222982)
Email: jfisher@buchalter.com
MATTHEW S. SOLMON (SBN: 237363)
Email: msolmon@buchalter.com
**BUCHALTER NEMER**
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Plaintiff/Counterdefendant
ECOMMERCE INNOVATIONS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOMMERCE INNOVATIONS, LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>MARKETING ADVANTAGES INTERNATIONAL, INC., a California corporation doing business as Emitations.com; AU-CO MAI, an individual; and DOES 1 through 50,<br><br>    Defendants. | Case No. 08cv0084 IEG (JMA)<br><br>**ANSWER TO MARKETING ADVANTAGES INTERNATIONAL, INC.'S COUNTERCLAIM** |
| MARKETING ADVANTAGES INTERNATIONAL, INC., a California corporation d/b/a Emitations.com; AU-CO MAI, an individual,<br><br>    Counterclaimants.<br><br>vs.<br><br>ECOMMERCE INNOVATIONS, LLC, a Nevada limited liability company, d/b/a inspiredsilver.com; and ROES 1 through 50,<br><br>    Counterdefendants. | |

BN 1718308v1

ANSWER TO COUNTERCLAIM

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

Plaintiff and Counterdefendant, Ecommerce Innovations, LLC ("Ecommerce"), for itself and no other counterdefendant, answers the Counterclaim filed by defendant and counterclaimant Marketing Advantages International, Inc. and Au-Co Mai (collectively "Counterclaimants"), by admitting, alleging, and denying as follows:

1. As for paragraph 1, Ecommerce admits that the federal courts have supplemental jurisdiction over this claim.

2. As for paragraph 2, Ecommerce admits it is a Nevada corporation, qualified to do business in California, doing business as inspiredsilver.com, with its principal place of business in Los Angeles County, California. Ecommerce also admits it voluntarily appeared in this action by filing the complaint.

3. As for paragraph 3, this paragraph does not contain any allegations as to Ecommerce. Ecommerce lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies every allegation contained therein.

4. As for paragraph 4, this paragraph does not contain any allegations as to Ecommerce. Ecommerce lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies every allegation contained therein.

5. As for paragraph 5, this paragraph does not contain any allegations as to Ecommerce. Ecommerce lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies every allegation contained therein.

6. As for paragraph 6, Ecommerce denies each and every allegation contained in this paragraph.

7. As for paragraph 7, Ecommerce denies that venue is proper solely in this District; however, this case was transferred here by the Central District of California after having originally been filed there.

## ANSWER TO FACTS COMMON TO ALL CLAIMS

8. As for paragraph 8, Ecommerce lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies every allegation contained therein.

9. As for paragraph 9, Ecommerce lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies every allegation contained therein.

10. As for paragraph 10, Ecommerce admits it began using "inspired silver" on January 1, 2003 and began operating www.inspiredsilver.com on January 2, 2003. However, Ecommerce denies that use of the phrase "inspired silver" was common practice by jewelry retailers offering their products for sale on the internet.

11. As for paragraph 11, Ecommerce denies each and every allegation of this paragraph.

12. As for paragraph 12, Ecommerce admits it filed its trademark application with the U.S. Patent and Trademark Office for the work mark "Inspired Silver," Serial Number 78585012 on or about March 10, 2005, but denies the remaining allegations of this paragraph.

13. As for paragraph 13, Ecommerce admits it filed a trademark application stating: "to the best of his/her knowledge and belief, no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive." As for the remaining allegations contained in this paragraph, Ecommerce denies all remaining allegations contained in this paragraph.

14. As for paragraph 14, Ecommerce admits its trademark "Inspired Silver" was registered with the U.S. Patent and Trademark Office on August 1, 2006 in International Class 14, Registration Number 3124880 ("Registered Trademark"). As for the remaining allegations contained in this paragraph, Ecommerce lacks sufficient knowledge or information to form a

belief as to the truth of the allegations and, on that basis, denies all remaining allegations contained in this paragraph.

## I. ANSWER TO FIRST CLAIM FOR RELIEF
## CANCELLATION OF TRADEMARK UNDER 15 U.S.C. §1119

15. As for paragraph 15, Ecommerce realleges and incorporates by reference each and every allegation, admission and denial set forth in response to paragraphs 1 through 12, above.

16. As for paragraph 16, Ecommerce admits its registered trademark was issued on or about August 1, 2006, but denies that it is in any way contestable.

17. As for paragraph 17, Ecommerce denies each allegation contained in this paragraph. Specifically, Ecommerce denies that it failed to make any disclosures, denies that "inspired silver" was commonly used in the online jewelry industry, and denies making any false and/or fraudulent representations to the U.S. Patent and Trademark Office.

18. As for paragraph 18, Ecommerce denies that its trademark is subject to cancellation. Ecommerce also denies that it subjected its trademark to cancellation.

## II. ANSWER TO SECOND CLAIM FOR RELIEF
## CIVIL LIABILITY FOR FALSE REGISTRATION
## (15 U.S.C. §1120)

19. As for paragraph 19, Ecommerce realleges and incorporates by reference each and every allegation, admission and denial set forth in response to paragraphs 1 through 16, above.

20. As for paragraph 20, Ecommerce admits its registered trademark was issued on or about August 1, 2006.

21. As for paragraph 21, Ecommerce denies each allegation contained in this paragraph. Specifically, Ecommerce denies that it submitted a false and/or fraudulent application for registration to the U.S. Patent and Trademark Office. Ecommerce denies that "inspired silver" was commonly used in the online jewelry industry, and denies making any false and/or fraudulent representations to the U.S. Patent and Trademark Office.

22. As for paragraph 22, Ecommerce denies each allegation of this paragraph. Specifically, Ecommerce denies that Counterclaimants have been damaged in anyway and denies that it has made any false statements at all.

## AFFIRMATIVE DEFENSES

23. Ecommerce asserts each of the following affirmative defenses as to each purported cause of action of the counterclaim:

### FIRST AFFIRMATIVE DEFENSE

24. The Counterclaim, and each Cause of Action thereof, fails to state a claim for relief against Ecommerce.

### SECOND AFFIRMATIVE DEFENSE

25. The counterclaim, and each Cause of Action thereof, is barred by the statute of limitations set forth in California Code of Civil Procedure §§ 338(a) and (d), California Business & Professions Code § 17208 or 28 U.S.C. § 1658.

### THIRD AFFIRMATIVE DEFENSE

26. Counterclaimants are barred from any relief against Ecommerce, or any of them, based on the doctrine of laches in that, among other things, Marketing Advantage has unreasonably delayed in seeking any of the remedies requested by the Complaint to Ecommerce's prejudice.

### FOURTH AFFIRMATIVE DEFENSE

27. Counterclaimants are barred from any relief against Ecommerce, or any of them, based on its unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

28. Counterclaimants are barred from any relief against Ecommerce based on the doctrines of waiver and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

29. Counterclaimants have failed to mitigate its alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

30. Counterclaimants have not been damaged as a result of any purported wrongful conduct.

### EIGHTH AFFIRMATIVE DEFENSE

31. Counterclaimants conduct constitutes an unfair business practice.

## NINTH AFFIRMATIVE DEFENSE

32. Ecommerce has established a secondary meaning for the term "Inspired Silver."

## TENTH AFFIRMATIVE DEFENSE

33. Ecommerce had the subjective intent that all statements made in relation to its trademark application were true.

## ELEVENTH AFFIRMATIVE DEFENSE

34. Ecommerce has not had sufficient time to investigate all potential affirmative defenses that may apply in this matter. Accordingly, Ecommerce reserve its right to assert additional affirmative defenses.

DATED: February 7, 2008

**BUCHALTER NEMER**
A Professional Corporation


By: /s/ Jason Fisher
JASON FISHER
Attorneys for Counterdefendant/Plaintiff
ECOMMERCE INNOVATIONS, LLC

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 1000 Wilshire Boulevard, Suite 1500, Los Angeles, California 90017-2457.

On the date set forth below, I served the foregoing document described as:

**ANSWER TO MARKETING ADVANTAGES INTERNATIONAL, INC.'S COUNTERCLAIM**

on all other parties and/or their attorney(s) of record to this action by _____ faxing and/or __x__ placing a true copy thereof in a sealed envelope as follows:

Melissa Lynn Bustarde
Gayle J. Mayfield-Venieris
Christopher Y. Lock
MAYFIELD & ASSOCIATES
462 Stevens Avenue, Suite 303
Solana Beach, CA  92075-2066

☒    **BY MAIL**   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Los Angeles, California on February 7, 2008. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☒    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on February 7, 2008, at Los Angeles, California.

_____Violet Carrera_____          _____[Signature]_____
                                                          (Signature)

BN 1634053v1