**BUCHALTER NEMER**
A Professional Corporation
MICHAEL L. WACHTELL (SBN: 47218)
JASON FISHER (SBN: 222982)
MATTHEW S. SOLMON (SBN: 237363)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: jfisher@buchalter.com

Attorneys for Counterdefendant/Plaintiff
ECOMMERCE INNOVATIONS, LLC

**MAYFIELD & ASSOCIATES**
ATTORNEYS AT LAW
GAYLE MAYFIELD-VENIERIS (SBN: 149296)
mayfield@mayfield-law.com
MELISSA L. BUSTARDE, ESQ. (SBN: 239062)
bustarde@mayfield-law.com
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066
Tel: (858) 793-8090
Fax: (858) 793-8099
Attorneys for Defendants/Counterclaimants
MARKETING ADVANTAGES
INTERNATIONAL, INC. AND AU-CO MAI

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOMMERCE INNOVATIONS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MARKETING ADVANTAGES INTERNATIONAL, INC., a California corporation doing business as Emitations.com; AU-CO MAI, an individual; and DOES 1 through 50,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 08cv0084 IEG (JMA)<br><br>**JOINT MOTION FOR ORDER OF PERMANENT INJUNCTION AND DISMISSAL**<br><br>DEPT:   D<br>JUDGE:  HON. JAN M. ADLER |

BN 1911874v1

1

**JOINT MOTION FOR ORDER OF PERMANENT INJUNCTION AND DISMISSAL**

In order to effectuate the terms of the settlement reached between Plaintiff/Counterdefendant Ecommerce Innovations, Inc. ("ECI") on the one hand, and Defendant/ Counterclaimant Marketing Advantages International, Inc. ("Marketing Advantages") and Defendant/Counterclaimant Au-Co Mai, an individual ("Mai"; Mai and Marketing Advantages are hereinafter collectively referred to as "Defendants") on the other hand, through their respective counsel of record, hereby jointly and respectfully move this Court for an order in accordance with the terms of the Settlement Agreement attached hereto as (Exhibit "A") as follows:

1. The dismissal with prejudice of this Action, including all Claims by Plaintiff and all Counterclaims by Defendants and all applicable affirmative defenses. Each party to bear its own costs;

2. A Permanent Injunction Ordered as follows:

A. On or before April 30, 2008, Defendants shall cease and desist and permanently refrain from all use of all of the following phrases:

   i. "INSPIRED SILVER";

   ii. Any transpositions, misspellings and/or addition or subtraction of letters of the word "Inspired" immediately followed by any transpositions, misspellings and/or additions or subtraction of letters of the word "Silver" ("Disallowed IS Phrase"). By way of example, this includes, but is not limited to, Inspired, Inspored, Inspried, Nspired, Nispired, Inspred, Nspred, Inpired and Silver, Slver, Sliver, Lsver, Lsiver, Solver, Salver, Silvr; and

   iii. Nothing herein prevents Defendants' from using the word "inspired" with one or more words in normal sized text in between it and the word "silver;" provided, however, that Defendants' may not place a really small invisible letter in between the words "inspired" and "silver." In other words, placing a really small invisible letter, such as "Inspired a Silver", so it would look like the two words are one after another, but in a way that the computer code reads that there is

1 one word in between, although though the letter is invisible.

2   B.   Defendants' agreement to permanently refrain from all use of the Disallowed IS Phrase, includes online and offline use of the Disallowed IS Phrase, including but not limited to, using the Disallowed IS Phrase as a trigger for search engines, throughout the Emitations website, and in all media now known or hereafter devised. This shall not stop Defendants from using the words "Inspired" or "Silver" so long as they are not used directly next to each other or used in any way specified herein that is in violation of this Agreement;

   C.   On or before April 30, 2008, ECI shall cease and desist and permanently refrain from all use of the phrase "EMITATIONS" and any transpositions, misspellings and/or addition or subtraction of letters of the word "EMITATIONS." By way of example, this includes, but is not limited to, eations, eimitation, eimitations, ematation, ematations, emations, emetations, emitaitons, emitation, emitator, emitators, emiations. This shall not stop ECI from using the word "imitation", or derivatives thereof beginning with the letter "i", including but not limited to, imitations, imitation, imatation, imatations, and imiations. ECI's agreement to permanently refrain from all use of "EMITATIONS" includes online and offline use of Emitations, including but not limited to, using the Emitations as a trigger for search engines, throughout the Inspired Silver website, and in all media now known or hereafter devised;

   3.   Continuing jurisdiction of Honorable Judge Jan Adler and the United States District Court, Southern District of California, until April 18, 2010; and

//
//
//
//
//
//

BN 1911874v1

3

4.   Such other relief as deemed necessary to effectuate the terms of the Settlement Agreement attached hereto and incorporated herein by reference as though set forth in full.

DATED: April 28, 2008

**BUCHALTER NEMER**
A Professional Corporation

By: _____
JASON FISHER
Attorneys for
Counterdefendant/Plaintiff
ECOMMERCE INNOVATIONS, LLC

DATED: April ___, 2008

**MAYFIELD & ASSOCIATES**
Attorneys at Law

By:_____
MELISSA L. BUSTARDE
Attorneys for
Defendant/Counterclaimant
MARKETING ADVANTAGES
INTERNATIONAL, INC.

DATED: April ___, 2008

**MAYFIELD & ASSOCIATES**
Attorneys at Law

By:_____
MELISSA L. BUSTARDE
Attorneys for
Defendant/Counterclaimant
AU-CO MAI

BN 1911874v1

4

**JOINT MOTION FOR ORDER OF PERMANENT INJUNCTION AND DISMISSAL**

4.  Such other relief as deemed necessary to effectuate the terms of the Settlement Agreement attached hereto and incorporated herein by reference as though set forth in full.

DATED: April 28, 2008

**BUCHALTER NEMER**
A Professional Corporation

By: _____
JASON FISHER
Attorneys for
Counterdefendant/Plaintiff
ECOMMERCE INNOVATIONS, LLC

DATED: April 29, 2008

**MAYFIELD & ASSOCIATES**
Attorneys at Law

By: _____
MELISSA L. BUSTARDE
Attorneys for
Defendant/Counterclaimant
MARKETING ADVANTAGES
INTERNATIONAL, INC.

DATED: April 29, 2008

**MAYFIELD & ASSOCIATES**
Attorneys at Law

By: _____
MELISSA L. BUSTARDE
Attorneys for
Defendant/Counterclaimant
AU-CO MAI

**EXHIBIT A**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), entered into as of April 18, 2008, by and between Ecommerce Innovations, LLC, a Nevada LLC, having a principal place of business at 2675 SkyPark Drive Suite 204, Torrance, California 90505 ("ECI") on one hand, and Marketing Advantages International, Inc., a California corporation, having a principal place of business at 6162 Mission Gorge Rd. Ste G, San Diego, CA 92120 ("Marketing Advantages") and Au-Co Mai, an individual ("Mai"; Mai and Marketing Advantages are hereinafter collectively referred to as "Defendants") on the other hand, is made with reference to the following facts:

A.  ECI engages in sales of jewelry and related products worldwide via the Internet, primarily via its website located at www.inspiredsilver.com. ECI first began using the name "INSPIRED SILVER" on or about January 1, 2003. ECI engages in business throughout the world and owns a U.S. federal trademark registration for phrase INSPIRED SILVER, Registered on August 1, 2006, Reg. No. 3,124,880 ("ECI Trademark Registration"). ECI has spent over $3,000,000 advertising its INSPIRED SILVER trademark.

B.  Marketing Advantages engages in sales of jewelry and related products via the Internet, primarily via its website located at www.emitations.com. Marketing Advantages has been doing business under the name "Emitations" since approximately 1999. Marketing Advantages owns a U.S. federal trademark registration for the name EMITATIONS, Registered on December 9, 2003, Reg. No. 3,022,982. Mai is the President of Marketing Advantages.

C.  On October 29, 2007 ECI filed a complaint against Defendants for: Federal Trademark Infringement; False Designation in Interstate Commerce; Unfair Business Practices Pursuant to California BPC §17200; and False Advertising Pursuant to California BPC §17500

in the U.S. District Court, Central District of California (Case No. Cv07-07042 JSL (ajwx)) (the "Action"). On or about January 11, 2008, the Action was transferred to the Southern District of California and renumbered 08 CV 0084 IEG JMA. On or about January 22, 2008, Defendants filed an Answer and a Counterclaim against ECI for: Cancellation of Plaintiff Ecommerce Innovations, LLC's Trademark; and Civil Liability for False or Fraudulent Registration. On or about February 7, 2008, ECI filed an Answer to the Counterclaims.

D.  ECI and Defendants were ordered to an Early Neutral Evaluation Conference on March 5, 2008 in the chambers of Honorable Jan M .Adler, United States Magistrate Judge. At that Conference, the parties voluntarily came to an agreement to settle the Action and put the terms of said settlement on the record. This Agreement is meant to evidence and supersede that settlement.

NOW, THEREFORE, in consideration of the mutual promises contained herein, the Parties agree as follows:

1.  The Parties hereby stipulate and agree, pursuant to Fed.R.Civ.P. 41(a)(1), that all claims, counterclaims and causes of action, and all defenses and affirmative defenses thereto in the Action shall be dismissed with prejudice.

2.  The United States District Court for the Southern District of California shall retain jurisdiction over the Action and these parties for the purposes of interpreting, or enforcing this Agreement. Honorable Magistrate Judge Adler shall preside over any disputes for a period of two years from the date of execution hereof.

3.  On or before April 30, 2008, Defendants shall cease and desist and permanently refrain from all use of all of the following phrases:

A. "INSPIRED SILVER";

B. Any transpositions, misspellings and/or addition or subtraction of letters of the word "Inspired" immediately followed by any transpositions, misspellings and/or additions or subtraction of letters of the word "Silver" ("Disallowed IS Phrase"). By way of example, this includes, but is not limited to, Inspired, Inspored, Inspried, Nspired, Nispired, Inspred, Nspred, Inpired and Silver, Slver, Sliver, Lsver, Lsiver, Solver, Salver, Silvr; and

C. Nothing herein prevents Defendants' from using the word "inspired" with one or more words in normal sized text in between it and the word "silver;" provided, however, that Defendants' may not place a really small invisible letter in between the words "inspired" and "silver." In other words, placing a really small invisible letter, such as "Inspired ₐ Silver", so it would look like the two words are one after another, but in a way that the computer code reads that there is one word in between, although though the letter is invisible.

4.   Defendants' agreement to permanently refrain from all use of the Disallowed IS Phrase, includes online and offline use of the Disallowed IS Phrase, including but not limited to, using the Disallowed IS Phrase as a trigger for search engines, throughout the Emitations website, and in all media now known or hereafter devised. This shall not stop Defendants from using the words "Inspired" or "Silver" so long as they are not used directly next to each other or used in any way specified herein that is in violation of this Agreement.

5.   On or before April 30, 2008, ECI shall cease and desist and permanently refrain from all use of the phrase "EMITATIONS" and any transpositions, misspellings and/or addition or subtraction of letters of the word "EMITATIONS." By way of example, this includes, but is not limited to, eations, eimitation, eimitations, ematation, ematations, emations, emetations, emitaitons, emitation, emitator, emitators, emiations. This shall not stop ECI from using the word "imitation", or derivatives thereof beginning with the letter "i", including but not limited to, imitations, imitation, imatation, imatations, and imiations. ECI's agreement to permanently

refrain from all use of "EMITATIONS" includes online and offline use of Emitations, including but not limited to, using the Emitations as a trigger for search engines, throughout the Inspired Silver website, and in all media now known or hereafter devised.

6. The Parties agree to be permanently enjoined from such uses as dictated above and agree that, subject to the terms of this Agreement, they will be violating a Court order if they violate the terms herein.

7. The Parties agree that they will not willfully breach this Agreement under any circumstance. Furthermore, the Parties represent that they have notified all persons under their control of the terms herein. Nonetheless, if a non-willful or non-intentional breach shall occur:

    A. the non-breaching Party must send notice of the non-willful or non-intentional breach to the breaching Party. The breaching Party shall then have seven business days to cure the breach. If the breach is not cured timely, then the breaching party shall be in violation of this provision and in breach of this Agreement. If the non-willful or non-intentional breach is referenced or indexed by a search engine or other directory service ("Service"), at the request of the non-breaching party, the breaching party must, within seven business days, notify the Service of the breach, request removal, and execute a copy in the form of the letter attached hereto as Exhibit "A" and send a copy of the letter to the non-breaching party. As long of the breaching party timely submits the letter to the Service, it shall not be liable for the time it takes the Service to remove the violation from its website;

    B. the Parties shall be allowed two non-willful or non-intentional breaches of Paragraphs 3-5 (and cure periods per Par. 7.A.) in 24 month periods, commencing on April 30, 2008. The first 24 month period shall be prorated so it and all subsequent 24 month periods end at the close of the following calendar year. (e.g. April 30, 2008-December 31, 2009, then January 1, 2010 – December 31, 2011, etc.). ;

      C.    on the third non-willful or non-intentional breach within the 24 month period, the breaching Party shall pay $500 to the non-breaching party upon receiving notice of the third breach and shall have seven business days after receipt of said notice to cure the breach; and

      D.    on the fourth and subsequent non-willful or non-intentional breaches within the 24 month period, the breaching party shall pay $5,000 per breach to the non-breaching party upon receiving notice of the fourth and subsequent breach(es) and shall have seven business days after receipt of each notice to cure each breach.

      E.    Each 24 month period shall reset the number of allowable non-willful or non-intentional breaches.

      8.    Within ten calendar days after execution hereof, ECI and Defendants shall execute and file a Stipulation of Dismissal With Prejudice in the form attached hereto as Exhibit B which provides for the Court to retain jurisdiction for the purpose of interpreting and enforcing the present Agreement as per Paragraph 2.

      9.    Defendants shall not seek to oppose, object, cancel and/or otherwise challenge the ECI Trademark Registration. Defendants will not dispute, seek to oppose, object, cancel or otherwise challenge any future ECI trademark registrations for the phrase "INSPIRED SILVER." Likewise, ECI shall not seek to oppose, object, cancel, and/or otherwise challenge Marketing Advantages' "Emitations" trademark registration. ECI will not dispute, seek to oppose, object, cancel or otherwise challenge any future Marketing Advantages' trademark registrations for the phrase "Emitations."

      10.    Effective immediately, each of the Parties does hereby release the other, and, as applicable, its parents, agents, attorneys, employees, representatives, affiliated ventures,

predecessors, successors, and assigns from any and all obligations, claims, damages, costs, expenses, losses, injuries, liabilities, judgments, causes of action, orders, decisions or awards whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, that have arisen from the beginning of time until the date of execution of this Agreement and that are related to the transactions or occurrences described above, including, but not limited to, any claim or obligation related to or arising out of the complaint and counterclaims or any claim that was or could have been asserted in the above described Action pending in the United States District Court for the Southern District of California. Furthermore, the Parties hereby waive the applicability of California Civil Code §1542 and release all claims known or unknown with respect to each other. Each party certifies that they have read California Civil Code §1542 which states:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

11.  Each party understands and acknowledges that the significance and consequence of this waiver of California Civil Code §1542 is that even if they should eventually suffer additional damages arising out of the facts referred to in the recitals, they will not be able to make any claims for those damages. Furthermore, each party acknowledges that they intend these consequences even as to claims for damages that may exist as of the date of this release but which they do not know exist, and which, if known, would materially affect each party's decision to execute this release, regardless of

whether their lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause.

12. PURPOSELY LEFT BLANK.

13. This Agreement constitutes the entire understanding between the parties, and there are no representations, understandings, or agreements, oral or written, that are not expressly included herein. This Agreement supersedes the terms put on the record in Honorable Judge Adler's courtroom on March 5, 2008. This Agreement shall bind and inure to the benefit of both parties and their respective successors, representatives and assigns. Any modification of this Agreement must be in a written document signed by both parties which makes reference to this Agreement.

14. Each party to this Agreement acknowledges that no other party or any agent or attorney of any other party, or any other person has made any promise, representation or warranty whatsoever, express or implied, not contained herein, concerning the subject matter hereof, to induce the execution of this instrument, and each party hereby acknowledges that it has not executed this instrument in reliance on any promise, representation or warranty not contained herein.

15. The waiver of any breach of this Agreement by any party shall not be a waiver of any other subsequent or prior breach. Except as enumerated supra, the failure of a party to act immediately on a breach by any other party shall not affect the rights of any non-breaching party to so act at a later date. Each of the parties hereto represents that its authorized representative executing on behalf of an entity and attorneys have read each of the paragraphs of this Agreement and that it understands the same and understands the legal obligations created hereby and has authority to execute this Agreement on behalf of the party indicated.

16.   This Agreement and any counterpart original thereof may be executed and transmitted by facsimile followed by mailing the original. The facsimile signature shall be valid and acceptable for all purposes as if it were an original.

17.   Each of the parties hereto represents and warrants as follows:

   A.   It has not assigned, subrogated or in any other way transferred to anyone else any portion of any claim or subject matter thereof it has or had against the other.

   B.   It has full power and authority to enter into this settlement and to perform any and all transactions or other matters contemplated to be performed under this Agreement.

   C.   Through independent investigation, each party has obtained all necessary and sufficient information to evaluate the efficacy of this Agreement.

   D.   Each of the parties has obtained the advice of independent, legal counsel, which counsel approves of this Agreement.

18.   In the event that any provision of this Agreement shall be held to be void, voidable, unlawful or for any reason unenforceable, the remaining provisions or portion of this Agreement shall remain in full force and effect.

19.   The parties acknowledge that in executing this Agreement, neither party shall be construed to be solely responsible for the drafting of it, and, therefore, any ambiguity shall not be construed against any of the parties as the alleged draftsperson. The parties shall execute any other or further documents necessary or desirable to effectuate the terms and purposes hereof,

and they shall cooperate in all respects to carry out the terms hereof and to complete the executory provisions contemplated hereby.

20.  Each party will bear its own attorney fees and court costs to date. In the event of any future proceedings over the terms of this Agreement, any claim of breach thereof, or of any enforcement thereof, the prevailing party shall be entitled to actual costs and attorney fees incurred.

21.  Time is of the essence of this Agreement.

22.  All notices and other communications required or desired to be given under this Agreement shall be in writing and shall be deemed to have been sufficiently given when addressed and sent to the other party at the address(es) last designated by notice to the sender via first class mail at the addresses first set forth above and by email and as set forth below. Until changed by further written notice, the respective addresses of the parties to which notices are to be sent shall be as set forth above and as follows:

| | |
|---|---|
| To ECI: | David Strager<br>Facsimile: (310) 539-5029<br>Email: david@inspiredsilver.com |
| And to | Jason H. Fisher, Esq.<br>Facsimile: (213) 630-5688<br>Email: jfisher@buchalter.com |
| And to | Matthew S. Solmon, Esq.<br>Facsimile: (213) 896-0400<br>Email: msolmon@buchalter.com |
| TO Defendants: | Au-Co Mai<br>Facsimile: (619)374-2449<br>Email: auco@emitations.com |
| And to | Gayle Mayfield, Esq. |

Facsimile: (858) 793-8099
Email: mayfield@mayfield-law.com

23. Each party agrees that neither this Agreement, any party's participation in this Agreement, anything contained in this Agreement, nor the fulfillment of any party's obligations pursuant to this Agreement shall ever be construed to be an admission or adjudication on the merits of any liability by either party. Each party specifically agrees that neither shall be considered, for any purpose whatsoever to have been the "prevailing party" with respect to any claims, allegations, charges, or causes of action described in the recitals, above, if any, or any claims, allegations, charges or causes of action which could have been alleged in any claim or obligation covered by this Agreement within the meaning of any statute, rule, regulation, judicial decision, ordinance, or other provision of law or any other definition or meaning of any kind or nature which is or may be in any manner applicable to this Agreement.

24. The parties hereby covenant and agree never to commence, aid in any way, prosecute, or cause or permit to be commenced or prosecuted against one another any action or other proceeding based upon any claims, demands, causes of action, obligations, damages, or liabilities covered by or referred to in this Agreement.

25. If any signatory of this Agreement is a corporation, said signatory represents and warrants that this Agreement and the undersigned's execution of this Agreement has been duly authorized and approved by the corporation's Board of Directors, if necessary. The undersigned officers and representatives of the corporations executing this Agreement on behalf of the corporations represent and warrant that they are officers of the corporations with full authority to execute this Agreement on behalf of the corporations.

IN WITNESS WHEREOF, the parties to this Agreement, through their authorized representatives, hereby subscribe to this Agreement as of the date listed supra.

**ECOMMERCE INNOVATIONS, LLC**

By: _[signature]_

Name: David Strasser

Title: CEO

**MARKETING ADVANTAGES INTERNATIONAL, INC.**

By: _[signature]_

Name: Au-Co Mai

Title: President

**AU-CO MAI, an individual**

By: _[signature]_

Exhibit A

[*Date*]

TO:  [*Name*]

[*Company Name*]

[*Address*]

[*Email/Fax*]

Dear Sir/Madam:

This is to advise you that the term [*Inspired Silver/Emitations*] appears on your website [*under the search term Inspired Silver/Emitations*]. The term, as it appears on your website, appears to be affiliated with this company. The term is the registered trademark of a third party, and this company cannot use said term pursuant to a stipulated Permanent Injunction. Please remove the [*reference/link*] as soon as possible, and send me written confirmation once it is removed. If you have any questions, please feel free to contact me.

                          Sincerely,

                          [*Ecommerce Innovations, LLC/Marketing Advantages International, Inc.*]

                          By: _____

                          Its: _____

cc:  [*Inspired Silver/Emitations*]

Exhibit B

Plaintiff / Counterdefendant Ecommerce Innovations, Inc. ("ECI") on the one hand, and Defendant / Counterclaimant Marketing Advantages International, Inc. ("Marketing Advantages") and Defendant / Counterclaimant Au-Co Mai, an individual ("Mai"; Mai and Marketing Advantages are hereinafter collectively referred to as "Defendants") on the other hand, through their respective counsel of record, hereby stipulate as follows:

1. The dismissal with prejudice of this Action, including all Claims by Plaintiff and all Counterclaims by Defendants and all applicable affirmative defenses. Each party to bear its own costs;

2. A Permanent Injunction Ordered as follows:

    A.    On or before April 30, 2008, Defendants shall cease and desist and permanently refrain from all use of all of the following phrases:

        i. "INSPIRED SILVER";

        ii. Any transpositions, misspellings and/or addition or subtraction of letters of the word "Inspired" immediately followed by any transpositions, misspellings and/or additions or subtraction of letters of the word "Silver" ("Disallowed IS Phrase"). By way of example, this includes, but is not limited to, Inspired, Inspored, Inspried, Nspired, Nispired, Inspred, Nspred, Inpired and Silver, Slver, Sliver, Lsver, Lsiver, Solver, Salver, Silvr; and

        iii. Nothing herein prevents Defendants' from using the word "inspired" with one or more words in normal sized text in between it and the word "silver;" provided, however, that Defendants' may not place a really small invisible letter in between the words "inspired" and "silver." In other words, placing a really small invisible letter, such as "Inspired ₐ Silver", so it would look like the two words are one after another, but in a way that the computer code reads that there is one word in between, although though the letter is invisible.

    B.    Defendants' agreement to permanently refrain from all use of the Disallowed IS Phrase, includes online and offline use of the Disallowed IS Phrase, including but not limited to,

using the Disallowed IS Phrase as a trigger for search engines, throughout the Emitations website, and in all media now known or hereafter devised. This shall not stop Defendants from using the words "Inspired" or "Silver" so long as they are not used directly next to each other or used in any way specified herein that is in violation of this Agreement;

   C.   On or before April 30, 2008, ECI shall cease and desist and permanently refrain from all use of the phrase "EMITATIONS" and any transpositions, misspellings and/or addition or subtraction of letters of the word "EMITATIONS." By way of example, this includes, but is not limited to, eations, eimitation, eimitations, ematation, ematations, emations, emetations, emitaitons, emitation, emitator, emitators, emiations. This shall not stop ECI from using the word "imitation", or derivatives thereof beginning with the letter "i", including but not limited to, imitations, imitation, imatation, imatations, and imiations. ECI's agreement to permanently refrain from all use of "EMITATIONS" includes online and offline use of Emitations, including but not limited to, using the Emitations as a trigger for search engines, throughout the Inspired Silver website, and in all media now known or hereafter devised;

3. Continuing jurisdiction of Honorable Judge Jan Adler and the United States District Court, Southern District of California, for a period of two years from the date of execution below by Honorable Judge Jan Adler; and

4. Such other relief as deemed necessary to effectuate the terms of the Settlement Agreement attached hereto and incorporated herein by reference as though set forth in full.

SIGNATURE/DATE BLOCK FOR ECI ATTORNEY

SIGNATURE/DATE BLOCK FOR MAI [CORPORATE] ATTORNEY

SIGNATURE/DATE BLOCK FOR MAI [INDIVIDUAL] ATTORNEY

It is so ordered.

SIGNATURE/DATE BLOCK FOR JUDGE ADLER